**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
May 22, 2014

**In re:**

    William F. Brooks,    Chapter 13 Case
          Debtor.    # 14-10096

*Appearances:*    *Michelle Kainen, Esq.*    *William Brooks*
                       *Kainen Law Office, PC*    *White River Junction, VT*
                       *White River Junction, VT*    Pro se *Debtor*
                       *For the Creditor*

### MEMORANDUM OF DECISION
#### DENYING DEBTOR'S MOTION TO ENFORCE AUTOMATIC STAY AND DETERMINING THAT ESTATE HAS NO INTEREST IN CERTAIN PROPERTY

On May 14, 2014, William Brooks (the "Debtor") filed a motion seeking enforcement of the automatic stay with respect to a mobile home and a one-acre parcel of real property located at 3713 Quechee West Hartford Road (the "Property"). On the same date, the Debtor's former spouse, Jennifer Bjurling (the "Creditor"), filed an emergency motion asking the Court to declare that the Debtor's bankruptcy estate has no interest in the Property. For the reasons set forth below, the Court finds that the estate has no interest in the Property. Accordingly, and as stated on the record at the hearing held on May 20, 2014, the Debtor's motion is denied and the Creditor's motion is granted.

#### JURISDICTION

This Court has jurisdiction over this case and these contested matters pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims addressed by the instant motions to be core matters under 28 U.S.C. § 157(b)(2)(B), E), (G), and (K) over which this Court has constitutional authority to enter a final judgment.

## PERTINENT FACTS

The Court finds the following facts to be undisputed and material. The Debtor married the Creditor in 2006. The parties separated in 2009. On September 15, 2011, the Vermont Superior Court, Family Division (the "Superior Court") issued a final order of divorce (the "Divorce Order") which divided the parties' assets and awarded the Property to the Creditor. The Divorce Order language conferring the Property to the Creditor awarded her "the mobile home and its lot." When the Divorce Order was entered, there was a wooden outbuilding situated upon the lot and a refrigerator and stove were in the mobile home, though none of these three items are addressed in the Divorce Order.

On September 20, 2011, the Debtor appealed from the Divorce Order. On October 4, 2011, the Vermont Supreme Court mistakenly dismissed the appeal as premature, and on October 25, 2011, it became aware of the error and reinstated the appeal (doc. # 48-3 at 2).

On October 13, 2011, after the Supreme Court dismissed the appeal and before it reinstated it, the Creditor recorded a certified copy of the Divorce Order at Book 467, pages 376-379, in the Town of Hartford land records. In the following two years, the appeal "devolved into a complex procedural morass, with the parties filing nearly one hundred motions," and requesting multiple remands (doc. # 48-3 at 2-3).

On January 16, 2013, the Debtor filed a motion in the Superior Court to void the Creditor's October 13, 2011 filing of the Divorce Order, asserting that the Creditor's filing of the judgment was premature and violated the Vermont Rules of Civil Procedure. The Superior Court granted the Debtor's motion on February 24, 2013. However, the Debtor did not record that order until May 12, 2014.

On November 20, 2013, the Vermont Supreme Court issued a decision affirming the Divorce Order on the merits, and awarded the Property to the Creditor (doc. # 48-3). On November 21, 2013, the Creditor recorded a certified copy of the Vermont Supreme Court decision at Book 29, Pages 349-356, in the Town of Hartford land records (doc. # 48-3).

## PROCEDURAL HISTORY

The Debtor filed a petition to commence this Chapter 13 case *pro se* on February 27, 2014 (doc. # 1). On May 14, 2014, the Debtor filed a motion (doc. # 47) (the "Debtor's Motion") for an order enforcing the automatic stay with respect to the Property and prohibiting the Creditor from trying to obtain possession of the Property. The Debtor asserts that, notwithstanding the fact that the Superior Court awarded the Property to the Creditor in a pre-petition divorce action, since the Creditor failed to properly record the Divorce Order, title to the Property never passed to the Creditor, she has no interest in the Property, and her post-petition attempts to take possession of the Property violate the automatic

2

stay. The Debtor further asserts that the Property is part of his bankruptcy estate, it is his homestead and exempt from attachment pursuant to 27 V.S.A. § 101, and therefore the Creditor cannot enforce her rights to the Property enunciated in the Divorce Order. Finally, the Debtor argues that the Creditor's collection of rents from the Property was improper and subject to disgorgement since she has no interest in the Property. The Debtor seeks no damages for the alleged violations of the stay. Instead, he seeks a determination that the Creditor has no interest in the Property and no interest in the rents, and an order directing her to cease her attempts to gain possession of those assets.

Later on May 14, 2014, the Creditor filed an emergency motion to determine the estate's interest in the Property (doc. # 48) (the "Creditor's Motion"). Therein, the Creditor provides additional procedural history of the state court divorce case, asserts that she did properly record the Divorce Order and obtain title to the Property pre-petition, and contends that the Debtor improperly removed certain appliances and a wooden outbuilding from the Property. The Creditor's Motion requests that the Court enter an order declaring that the Property is not part of the Debtor's bankruptcy estate.

On May 15, 2014, the Court entered an order (1) setting a hearing on both the Debtor's Motion and the Creditor's Motion for May 20, 2014; and (2) directing the parties to (a) file any necessary notice of evidentiary hearing in time for all parties to prepare for the May 20th hearing, (b) file a statement verifying they engaged in attempts to settle or narrow the issues before the Court, and (c) file a statement clarifying the relief each is requesting in the recently filed documents (doc. # 49) (the "Order").

On May 18, 2014, the Creditor filed an objection to the Debtor's Motion, generally raising the same arguments she had articulated in the Creditor's Motion (doc. # 52) (the "Objection"). The Objection additionally notes, however, that when the Superior Court granted the Debtor's motion to void the Creditor's filing of the Divorce Order, that court also directed the Debtor to execute and record a first mortgage in favor of the Creditor on the Property (to protect her rights in the Property), and that the Creditor was not required to remove the recorded Divorce Order until the Debtor recorded that mortgage. The Creditor also filed a notice of evidentiary hearing (doc. # 53) (the "Notice"), indicating the sole factual matter to be resolved was whether the Creditor had received rents from the Property.

On May 19, 2014, the Creditor filed a supplement to the Creditor's Motion (doc. # 54) (the "Creditor's Supplement"). Therein, the Creditor contends that the Debtor's Motion is actually a request for turnover pursuant to 11 U.S.C. § 542. She also amended the Creditor's Motion to add a request that the Court determine the refrigerator and wooden outbuilding are not property of the estate, and direct the Debtor to immediately return these items to the Property. Additionally, the Creditor alleges that the Debtor has very recently moved livestock and electric fencing onto the Property, and she requests that

the Court direct the Debtor to remove the livestock and fencing, and compensate her for any damage the livestock and/or the Debtor have caused to the Property.

Also on May 19, 2014, the Debtor filed a statement supplementing the Debtor's Motion (doc. # 55) (the "Debtor's Supplement").  Therein, the Debtor clarifies that the sole sanction he seeks for the Creditor's violation of stay is the return of the any rents she received, and keys to the locks she installed on the Property.  The Debtor also asserts that the Creditor's recording of the Divorce Order created a judicial lien that he can avoid under 11 U.S.C. § 522. This is the first time the Debtor claimed a right to avoid the Creditor's interest in the Property as a lien impairing his homestead exemption.

The Chapter 13 Trustee (the "Trustee") filed a response to the Debtor's and Creditor's Motions (doc. # 56) (the "Trustee's Response").  There, the Trustee argues the Debtor's latest attempt to challenge the Property transfer to the Creditor is barred by the Rooker-Feldman doctrine.  The Trustee makes clear his position that the Debtor's Motion is merely another attempt to frustrate the Creditor's efforts to rightfully secure possession of the Property that was awarded to her, and that the entire goal of the Debtor's latest bankruptcy filing is the continued litigation of the state courts' allocation of property between the Debtor and the Creditor.  The Trustee's conclusion is that the Debtor's petition was filed in bad faith and should be dismissed.  However, the Trustee states he is not seeking dismissal at this time, "and will delay such filing until the Court rules on the pending motions, in the hope that the Court's ruling will make clear that the debtor should dismiss this case himself."

At the May 20, 2014 hearing, the Creditor indicated that she had filed the Notice out of an abundance of caution, in the event that the Court concluded that the Property was indeed property of the estate and the question of who had collected the rents needed to be addressed.  The parties then reiterated their positions and identified the relief each was seeking.  They also agreed that any factual disputes between them were minor, and effectively waived their right to have an evidentiary hearing to adjudicate those disputes.[1]  The parties also addressed the Creditor's recent allegations that the Debtor had put livestock on the Property.  The Debtor admitted that he had done so, but explained he did this solely because he believed he owned the Property and deemed it part of his homestead.  He declared he had removed the livestock prior to the hearing.  Thus, the Court considered that issue to be moot.  Moreover,

---

[1] The Creditor indicated the only issue of fact was who had collected the rents. The Debtor responded that he actually did not know who had collected the rents but if the Creditor said she had not, he would believe her and withdraw his argument on that point. The parties voiced conflicting positions as to the ownership and history of the wooden outbuilding in question, but both parties indicated that they did not wish to litigate that question. Accordingly, the Court treats these representations as a waiver of the right to an evidentiary hearing and a withdrawal of any allegation that facts material to these matters are in dispute.

4

the Court ruled that any dispute with respect to post-petition rents or activity on the Property was not properly before this Court unless the Property was part of the bankruptcy estate.

After considering the papers filed in connection with these contested matters and the argument the parties presented at the May 20th hearing, the Court ruled that no evidentiary hearing was necessary and issued a bench ruling on the legal issue presented, holding that the Property is not property of the estate. This memorandum of decision is issued to memorialize and further explain that ruling.

## DISCUSSION

Section 541 of the Bankruptcy Code provides states that a bankruptcy estate is compromised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). See In re Hutchins, 306 B.R. 82, 97 (Bankr. D. Vt. 2004). In a Chapter 13 case, property of the estate also includes all property of the kind specified in § 541 that is acquired during the pendency of the Chapter 13 case. 11 U.S.C. § 1306(a)(1). Property rights in bankruptcy are decided by state law. In re Forant, 331 B.R. 151, 156 (Bankr. D. Vt. 2004). In the context of divorce cases, the Family Court Division of the Vermont Superior Court has jurisdiction to determine property settlements between former spouses. Id.; see 15 V.S.A. § 751(a). As previously noted by this Court:

> [A] divorce proceeding under Vermont law sweeps every asset . . . into a marital estate, and then redistributes the property of that estate to the divorced parties. A divorce estate contains all the parties' property, no matter how the parties acquired them, with the caveat that actual title is immaterial. The nature of the process interrupts the chain of title. Upon entering the divorce decree, the family court extinguishe[s] the marital interest each party had in the marital estate, and redistribute[s] the property, creating new interests in place of the old.

Forant, 331 B.R. at 156 (citing Hutchins, 306 B.R. at 92).

Pursuant to Vermont statute, where real property is awarded in a divorce decree, the recording of a certified copy of the judgment in the appropriate town land records effectuates the transfer of title to the property. See 15 V.S.A. § 754.[2] This Court's precedent makes clear that the mere entry of a divorce decree by a Vermont state court reconfigures the parties' interests in the marital estate and creates new ones. Hutchins, 306 B.R. at 92 (citing In re Farrar, 291 B.R. 48, 52 (Bankr. D. Vt. 1998)). Although a

---

[2] The full text of that statute is:
> A certified copy of the judgment, or relevant parts thereof, when recorded in the land records of the town in which real estate of the parties is located, shall be effective to convey or encumber the real estate in accordance with the terms of the judgment, as if the judgment were a deed. A property transfer return shall be filed with the judgment, but the transfer shall be exempt from the taxes imposed by chapters 231 and 236 of Title 32 to the extent of the property interests conveyed to either of the parties.

15 V.S.A. § 754.

5

divorce decree does not convey title upon entry, it does vest a party's interest in property awarded to him or her under a divorce decree effective on the date it is entered. See id. at 92-93.

While a debtor holds legal title to property awarded to his or her ex-spouse pre-petition in a state court divorce decree, the debtor is deemed to be holding the property in constructive trust for the ex-spouse's benefit. See Forant, 331 B.R. at 159-60 (citing Legault v. Legault, 142 Vt. 525, 529, 459 A.2d 980 (Vt. 1983) (noting that constructive trusts are imposed where the circumstances are such that the person holding legal title cannot enjoy the property without violating the rules of honesty and fair dealing)); see also In re Sweeney, Chapter 7 No. 05-12315, AP No. 05–1068, 2006 WL 2796737 at *4 (Bankr. D. Vt., September 27, 2006). Therefore, such property never enters a bankruptcy estate, and the bankruptcy court has no jurisdiction over it. See id.; see also In re Flanagan, 503 F.3d 171, 180 (2d Cir. 2007) ("The effect of a constructive trust in bankruptcy is profound. While the bankrupt estate is defined very broadly under § 541(a)(1) of the Bankruptcy Code to include all legal or equitable interests of the debtor, any property that the debtor holds in constructive trust for another is excluded from the estate pursuant to § 541(d).").

The Creditor initially effectuated a transfer of title by recording the Divorce Order on October 13, 2011. See 15 V.S.A. § 754. At the time she recorded the Divorce Order, the recording was effective because although the Debtor had filed an appeal to that order, the Supreme Court had dismissed the appeal, and no appeal was then pending. See Vt.R.Civ.P. 62(d)(1). However, the Supreme Court subsequently reinstated the appeal, on October 24, 2011, and the Debtor obtained a determination from the Superior court on February 24, 2013, that, in light of the appeal's reinstatement, the Creditor's October 13, 2011 recording of the Divorce Order contravened state law.

The fact that the Creditor recorded the Divorce Order to obtain title of the Property during an unintended break in the appeal of that order raises intriguing questions about the legal import of that transfer. However, this Court need not address these questions because of two additional and unusual procedural factors present here. First, it does not appear that the Superior Court's February 24, 2013 order actually voided the Creditor's filing and transfer, since the Superior Court conditioned that relief on the Debtor executing and recording a mortgage in favor of the Creditor and the Debtor never did that. Second, the Debtor did not record the Superior Court's February 24, 2013 order until after the Vermont Supreme Court entered its decision affirming the Superior Court's Divorce Order awarding the Property to the Creditor, on November 20, 2013. At that point. the Superior Court's order was moot. Even if the Creditor's initial attempt to transfer the Property was ineffective due to the procedural peculiarities of the parties' divorce proceeding, the Creditor unequivocally effectuated a transfer of title pre-petition

6

when she properly recorded the Vermont Supreme Court's decision awarding her the Property. Pursuant to the state statute, see 15 V.S.A. § 754, the recording of this decision transferred title to the Property to her, and extinguished any interest the Debtor had in the Property. Since the Creditor accomplished this before the Debtor filed his bankruptcy case, the Property is squarely outside the scope of the Debtor's bankruptcy estate.[3]

Having determined there was an effective pre-petition transfer of the Property to the Creditor, the Court will consider in turn each of the prayers for relief set out in the Debtor's Motion. Since the Court has determined that the Property is not property of the Debtor's bankruptcy estate, any rents the Creditor may have received from the Property are likewise not included in the bankruptcy estate. Consequently, the Court lacks authority both to determine whether the Creditor was entitled to collect the rents and to order the Creditor to pay them over to the Debtor. Additionally, since neither the Property nor any rents received for use of the Property are property of the estate, (1) the automatic stay does not apply to the rents, (2) any dispute with respect to the rents must be brought in the proper state court forum and are not appropriately brought as a turnover action in this Court, and (3) the Debtor has no right to claim the rents as exempt. See 11 U.S.C. §§ 362(a)(2)-(4), 522(b)(1), 542. The Debtor's argument that he should be permitted to avoid the "judicial lien" of the Creditor pursuant to § 522 has no merit. As indicated above, the Creditor does not – and never did - hold a lien on the Property. Most significantly, prior to – and on the date of the Debtor's bankruptcy filing – she held title to the Property. Thus, the Debtor cannot claim the Property as an asset, cannot declare it to be exempt, and cannot avoid the Creditor's interest in the Property as impairing his homestead exemption, in his bankruptcy case.

The Court finds the Debtor's argument at the May 20th hearing, that the Superior Court's award of the Property to the Creditor violated the Vermont homestead exemption statute, to be an attempt to challenge the merits of the state courts' decisions. This argument is fatally flawed because this Court has no authority to revisit the merits of the state courts' decisions under the Rooker-Feldman doctrine. See Phifer, 289 F.3d at 55.[4] Additionally, this argument appears to have its genesis in the Debtor's

---

[3] Moreover, during the period between the dates the appeal was reinstated and the Creditor filed the Supreme Court order awarding her the Property, the Debtor was holding the Property in trust for the Creditor. See In re Forant, 331 B.R. 151, 159-160 (Bankr. D. Vt. 2004) (citing Legault v. Legault, 142 Vt. 525, 529, 459 A.2d 980 (Vt. 1983).

[4] The Court finds this aspect of the Trustee's Response persuasive. The Court declines to address the Trustee's allegations that the Debtor's Motion is "another attempt to frustrate the Creditor's efforts to rightfully secure possession of the Property that was awarded to her," and that the goal of the Debtor's latest bankruptcy filing is to continue the litigation of the state courts' property distribution between the Debtor and the Creditor. However, the Court takes judicial notice of the fact that the Debtor has filed 5 additional bankruptcy cases in the last 15 years, and 3 of them were dismissed shortly after commencement (see ch 13 # 99-11125, ch 7 # 03-11614, ch 13 # 04-10296, ch 13 # 05-10159, ch 13 # 11-10837). Although this case filing history raises the specter of bad faith, it is not appropriate to address whether the Debtor acted in good faith when he filed this case at this time because there is currently no motion to dismiss before the Court. As the Court observed at the May 20th

misunderstanding of the relationship between the distribution of assets in a divorce proceeding, on the one hand, and the rights of creditors to enforce their rights against assets of persons who owe them money, on the other.[5] See Pearson v. Pearson, 169 Vt. 28, 37, 726 A.2d 71, 76 (Vt. 1999) (finding that the homestead exemption does not apply in the context of a divorce).

The Court turns next to the Creditor's prayers for relief. The Creditor requests a determination whether the Property the state court awarded to the Creditor includes the items the Debtor subsequently removed from it, and whether those items are part of the property of the estate. This requires the Court to discern the Superior Court's intent, as evidenced in its rulings in the Divorce Order, and affirmed by the Supreme Court. See Sweeney, 2006 WL 2796737 at *3. The Court finds that to the extent the removed items belonged to the Property prior to the parties' divorce, the Superior Court intended them to be transferred to the Creditor. Although the Divorce Order contains no specific mention of these items, it does state that each party retains the personal property he or she owned and had in their possession on that date. Additionally, there is no dispute that these items were at the Property at the time the Divorce Order was entered, and the Divorce Order did not authorize the Debtor to remove anything from the Property prior to transfer. For these reasons, this Court finds it most reasonable to conclude the Superior Court intended to include the wooden shed and appliances as part of the Property the Debtor was to convey to the Creditor. As these items were part of the Property awarded to the Creditor, they are not property of the estate in this bankruptcy case.

The Creditor has also asked the Court to order the Debtor to turn over these items to her if they are not property of the estate. However, precisely because the shed and appliances are not property of the estate, this Court lacks jurisdiction over them and must deny this request. The parties will need to resolve legal disputes involving these items in the appropriate state court forum.

In the Creditor's Supplement, she requests this Court grant her a monetary award to compensate her for the damage the Debtor's livestock recently caused to the Property. Based upon the Debtor's representation at the hearing that he has removed the livestock, combined with the lack of evidence of any damage to the Property and this Court's determination that the Property is not property of the estate, the Court denies this request.

---

hearing, now that the Court has made a determination as to the ownership of the Property, the Debtor must proceed with the Chapter 13 case, in compliance with the requirements of Chapter 13.

[5] At the May 20th hearing, the Debtor indicated that he was relying on the Vermont homestead statute and arguing that the Divorce Order was merely a judgment which, presumably like any other judgment, could not be enforced against his homestead. Counsel for the Creditor correctly responded that the Debtor was confusing the statutory limitations on the right to enforce a judgment with the statute authorizing state courts to equitably distribute property – all marital property – in divorce actions. Compare 15 V.S.A. § 751 et seq. with 27 V.S.A. § 101 et seq. The Creditor owned the Property; she was not

## CONCLUSION

    Based upon the rationale set out above, the Court finds that neither the Property, nor the rents received from use of the Property, nor the items the Debtor removed from the Property are property of the Debtor's bankruptcy estate. Therefore, the Debtor's Motion seeking determinations that the Creditor violated the stay, the Creditor has no interest in the Property, the Property is exempt as part of the Debtor's homestead, and the Creditor's claim to the Property can be avoided as impairing the Debtor's homestead exemption, are all denied. As a corollary to that determination, the Creditor's Motion for a determination that the Property is not property of the estate is granted.

    Since the Property is not property of the estate, the Court lacks jurisdiction to order the Creditor to turn over to the Debtor any rents the Creditor may have collected from the Property, to order the Debtor to turn over to the Creditor items the Debtor removed from the Property, or to grant the Creditor a monetary award based upon damages the Debtor's livestock may have caused to the Property.

    The Court has considered all requests for relief, and all arguments, the parties have presented. To the extent either party raised an argument that is not addressed in this decision, it is because the Court found it to be without merit. To the extent the Court did not mention a specific prayer for relief one of the parties articulated, it is because the Court finds it to be moot based upon the determination that the Property is not property of the estate, and this Court's lack of jurisdiction to address the merits of the state courts' rulings or rule on claims involving property that is not property of the estate.

    This memorandum constitutes the Court's findings of fact and conclusions of law.

*[signature: Colleen A. Brown]*

May 22, 2014                                                                     Colleen A. Brown  
Burlington, Vermont                                       United States Bankruptcy Judge

---

merely trying to enforce a judgment against it.